UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHAW INDUSTRIES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No 21-00400 |

## COMPLAINT

Shaw Industries Group, Inc. ("Plaintiff" or "Shaw"), by and through its attorneys, alleges and states:

1. Plaintiff brings this action to contest the denial of Protest No. 1703-201-08952 by U.S. Customs & Border Protection under Section 515 of the Tariff Act of 1930, as amended (19 U.S.C. § 1515).

## PARTIES

2. Plaintiff is an importer of vinyl floor tiles and is the importer of record for all protested entries subject to Protest No. 1703-201-08952.

3. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department" or "Commerce").

## JURISDICTION AND STANDING

4. This is a civil action to contest the denial of protests under Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515).

1

5.  The protest that is the subject of this action was timely filed within 180 days of the final liquidation of each of the underlying protested entries. Protest 170320108952 was denied pursuant to 19 U.S.C. § 1515(a).

6.  This action was timely commenced within 180 days after the date of mailing of the notices of denial of the underlying protests that are the subject of this action.

7.  All liquidated duties, taxes and fees were paid prior to the commencement of this action.

8.  This Court has exclusive subject matter jurisdiction over this protest denial action pursuant to 28 U.S.C. §1581(a).

## STATEMENT OF FACTS

9.  This case concerns the U.S. Customs and Border Protection ("CBP") Port of Savannah, GA's ("the Port") denial of Protest No. 1703-201-08952, filed on July 24, 2020. The protest involved the improper liquidation of certain entries of flooring imported by Shaw during the period between May 11, 2019, and June 21, 2019, from China. The Port denied the referenced protest on March 15, 2021. The protest denial stated that it was "denied under US note 20(yy)."

10. On May 15, 2019, USTR published a notice to the Federal Register creating the "on the water" exception to products subject to List 3 Section 301 tariffs.[1] This notice was meant to account for the average transit time between China and the United States by sea.

11. The notice provided that products of China that are subject to List 3 Section 301 tariffs and that were exported to the United States prior to May 10, 2019, are not subject to the additional duty of 25%, and instead are subject to the original List 3 tariff rate of 10%, as long as

---

[1] *Implementing modification to Section 301 Action: China;s Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 21, 892 (May 15, 2019).

2

such products are entered into the United States prior to June 1, 2019.[2] This notice amended the HTSUS to create a new subheading, 9903.88.09, for goods which were exported before May 10, 2019 and June 1, 2019 and to which the lower 10% duty rate applied. On June 19, 2019, the "on the water" exception was extended to cover all goods subject to List 3 exported to the United States on or after May 10, 2019 and entered prior to June 15, 2019.[3]

12. Beginning in August 2019, USTR began granting exclusion requests for goods subject to List 3 of the Section 301 tariffs. On May 8, 2020, USTR granted an exclusion for Shaw's products subject to this dispute.[4] The notice created a new HTSUS subheading, 9903.88.46, for goods subject to this exclusion. The Annex to the exclusion includes the primary subheading under which Shaw's products are classified, 3918.10.1000.[5] Consequently, this exclusion was to apply to all of Shaw's imports of goods classified under HTSUS 3918.10.1000, including the entries included in the protest at issue. Therefore, Shaw's products were not subject to any List 3 duties while the exclusions were in effect, *i.e.*, from September 24, 2018 to August 7, 2019.[6]

13. USTR's notice included a mistake. The appendix covering the goods that applied to the exclusion failed to include HTSUS subheading 9903.88.09. Consequently, Shaw's entries covered by the "on the water" exception, and therefore subject to 10% duties instead of 25% duties under List 3, were not subject to the exclusion granted by USTR. This appears to have been an oversight and led to the odd result that entries covering the small period of time set out

---

[2] *Id.*
[3] *Additional Implementing Modification to Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 26,930 (June 19, 2019).
[4] *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 27,489 (May 8, 2020).
[5] *Id.* at 27,493.
[6] *Id.* at 27,490.

in the "on the water" exception were not subject to an exclusion covering all other goods entered between September 24, 2018 and August 7, 2019.

14. This error was later recognized by USTR. On April 26, 2021, USTR published technical amendments to its notice granting exclusions, which the originally did not include entries subject to the "on the water" exception between May 10, 2019 to June 15, 2019.[7] In particular, the notice states that:

> [T]he implementing language used in the exclusions notices did not include a reference to HTSUS heading 9903.88.09 and therefore did not have the effect of excluding products that were exported before May 10, 2019, and entered into the United States on or after May 10, 2019, and before June 15, 2019. The annex to this notice makes a technical correction to the exclusions granted under the $200 billion action to include HTSUS heading 9903.88.09. Like all exclusions under this Section 301 investigation, this technical correction applies to entries of goods that are not liquidated or to entries that are liquidated but not final.[8]

On May 10, 2021, CBP published CSMS guidance adopting the change set out in the USTR's technical correction.[9] The CBP guidance notes that "[t]hese exclusion rounds are retroactive to September 24, 2018."

15. Between May 10, 2019 and June 15, 2019, Shaw had 28 entries of flooring into the United States. Shaw's products subject to these entries were primarily classified under 3918.10.1000, a subheading which was subject to List 3 Section 301 duties.

16. Due to the timing of the entries of these goods, they were subject to the "on the water" exception covering products subject to List 3 and were liquidated at the lower 10% *ad valorem* rate under 9903.88.09, as opposed to the higher 25% duty rate later imposed under List 3. However, Shaw was granted an exclusion by USTR which covered all products classified

---

[7] *Notice of Technical Amendment to Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 86 Fed. Reg. 22,092 (April 26, 2021).
[8] *Id.* at 22,093.
[9] CSMS #47741425, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/2d879f1.

under 3918.10.1000 and entered between September 24, 2018 and August 7, 2019.[10] The USTR's publication of this exclusion inadvertently did not make reference to goods subject to this "on the water" exception. Therefore, Shaw's products entered between May 10, 2019 and June 15, 2019 were technically not covered by the exclusion. This error was later addressed by USTR.[11]

17. As noted in the protest Shaw filed to CBP, the articles subject to the protest "should be reliquidated under subheading 9903.88.46," which is covered by an exclusion granted by USTR. However, CBP denied Shaw's protest and liquidated the protested entries under 9903.88.09, HTSUS instead of 9903.88.46, HTSUS.

18. CBP's denial of the protest notes that the protests were "denied under US note 20(yy)." *Id.* at 3. This is an apparent reference to U.S. note 20(yy) to subchapter III of chapter 99 of the HTSUS. This note covers products subject to the exclusions the USTR granted under List 3. As explained above, Shaw's flooring products received an exclusion and therefore the primary subheading under which the flooring is classified, HTSUS 3918.10.1000, is listed in this note. However, at the time that CBP denied Shaw's protest, entries subject to the "on the water exception," HTSUS 9903.88.09, were not added to the exclusion language. CBP's decision was made prior to the technical correction. CBP denied Shaw's protest on March 15, 2021, and the technical amendment was published on April 26, 2021.

19. However, the language of the technical amendment itself, as well as the CSMS guidance pursuant thereto, make it clear that the amendment should retroactively apply to the entries in question: "Like all exclusions under this Section 301 investigation, this technical

---

[10] *Notice of Product Exclusions*, 85 Fed. Reg. at 27,493.
[11] *Notice of Technical Amendment to Product Exclusions*, 86 Fed. Reg. at 22,093.

correction applies to entries of goods that are not liquidated or to entries that are liquidated but not final." [12]

## COUNT I

20.  Paragraphs 1 through 19 are realleged and incorporated herein.

21.  Plaintiff asserts that the subject vinyl floor tiles are properly classified under subheading 3918.10.1000 and under Chapter 99 subheading 9903.88.46, HTSUS and are excluded from Section 301 duties by HTSUS Chapter 99 Note 20(yy).

22.  CBP incorrectly liquidated these entries under subheading 3918.10.1000 and under Chapter 99 subheading 9903.88.09, HTSUS, which provided for 10% Section 301 duties.

23.  CBP's liquidation is incorrect because it failed to account for the technical correction made by USTR, which qualified all products subject to the "on the water exception" to be classified under 9903.88.46, HTSUS, in cases where the exclusion applied.

---

[12] 22 Fed Reg. at 22,093; CSMS #47741425, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/2d879f1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff; overruling the Defendant's denial of the protests; determining that CBP improperly classified the vinyl floor tiles at issue under subheading, 9903.88.09, HTSUS;  ordering CBP to reliquidate the subject entries subheading 3918.10.1000 and under Chapter 99 subheading 9903.88.46, HTSUS and refund the excess duties paid by the Plaintiff, together with interest as provided by law; and granting such other additional relief as this honorable Court deems just and appropriate.

                                      Respectfully submitted,

Date: August 29, 2025                      /s/ *Oluwagbohunmi Simeon Yerokun*

                                      David Stepp
                                      Oluwagbohunmi Simeon Yerokun
                                      Weronika Bukowski

                                      Crowell & Moring LLP
                                      1001 Pennsylvania Avenue, N.W.
                                      Washington, D.C. 20004-2595 Tel: (202) 624-2684
                                      Email: syerokun@crowell.com

                                      *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I certify that on August 29, 2025, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.


Date: August 29, 2025                                   /s/ *Oluwagbohunmi Simeon Yerokun*

                                                                               Oluwagbohunmi Simeon Yerokun
                                                                               Crowell & Moring LLP
                                                                               1001 Pennsylvania Avenue, N.W.
                                                                               Washington, D.C. 20004-2595 Tel: (202) 624-2684
                                                                               Email: syerokun@crowell.com

                                                                               *Counsel for Plaintiff*